**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THAO NGUYEN,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant*. | Civil Action No. 25-4254 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Thao Nguyen, proceeding *pro se*, initiated this action against the United States on December 8, 2025. Dkt. 1 (Compl.). Plaintiff seeks compensation for damage that Plaintiff's parked vehicle sustained when a lamppost outside of the Smithsonian Air and Space Museum collapsed onto it. *See id.* at 2–3 (Compl.). Pending before the Court is Defendant's motion to dismiss this case for lack of jurisdiction, *see* Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6). Dkt. 8. Defendant contends that this Court lacks subject-matter jurisdiction because the lamppost belongs to the District of Columbia, and thus Plaintiff's claim falls outside the waiver of sovereign immunity in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq*. *Id.* at 3–4. In the alternative, Defendant argues that Plaintiff has failed to state a claim for negligence. *Id.* at 4–5.

For the reasons explained below, the Court will **DENY** the motion.

## I. BACKGROUND

Plaintiff alleges that a lamppost on Independence Avenue, outside of the Smithsonian Air and Space Museum, collapsed and fell onto Plaintiff's parked vehicle in November 2024. Dkt. 1 at 2 (Compl. ¶ IV.1). The lamppost broke the vehicle's windshield and dented the hood and

roof, causing over $8,000 in damage. *Id.* at 2–3 (Compl. ¶¶ IV.3, 6). Cleanup personnel identified the lamppost as No. 21438. *Id.* at 2 (Compl. ¶ IV.2). Plaintiff alleges that the lamppost stood adjacent to "a heavily trafficked public walkway" and that it "showed signs of deterioration" prior to the collapse. *Id.* at 3 (Compl. ¶ IV.7).

Following the collapse, Plaintiff filed a claim with the District of Columbia Office of Risk Management ("ORM"). Dkt. 1 at 2 (Compl. ¶ III.1); *see* Dkt. 1-1 at 19. ORM denied Plaintiff's claim, concluding that "the section of roadway involved is under the jurisdiction of the National Park Service" (the "Service"). Dkt. 1-1 at 19. ORM advised Plaintiff: "Please forward your claim directly to the attention" of the "Department of the Interior, National Park Service." *Id.*

Plaintiff followed that advice and submitted a claim to the Service. Dkt. 1 at 2 (Compl. ¶¶ III.2–4); *see* Dkt. 1-1 at 20–21. The Service also denied Plaintiff's claim. Dkt. 1-1 at 20. The Service wrote: "After reviewing the claim and material provided to this office by the [Service], it appears that the lamppost you identified is not located within [Service]-owned or -managed land." *Id.* The Service advised Plaintiff: "If you are dissatisfied with this determination . . . you may . . . file a suit in the appropriate United States District Court." *Id.* This action followed.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's jurisdiction to hear the plaintiff's claim and may take one of two forms. First, a Rule 12(b)(1) motion "may raise a 'facial' challenge to the Court's jurisdiction." *Hale v. United States*, No. 13-1390, 2015 WL 7760161, at *3 (D.D.C. Dec. 2, 2015). A facial challenge asks whether the complaint alleges facts sufficient to establish the court's jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555,

561 (1992); *see also Owner-Operator Indep. Drivers Ass'n v. U.S. Dep't of Transp.*, 879 F.3d 339, 346–47 (D.C. Cir. 2018). In this posture, the Court must accept the factual allegations of the complaint as true and must construe them in the light most favorable to the non-moving party. *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006).

"Alternatively, a Rule 12(b)(1) motion may pose a 'factual' challenge to the Court's jurisdiction." *Hale*, 2015 WL 7760161, at *3. When a motion to dismiss is framed in this manner, "the [C]ourt may not deny the motion . . . merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant" but "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000). "The [C]ourt has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction," so long as it "afford[s] the nonmoving party an ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Prakash v. Am. Univ.*, 727 F.2d 1174, 1179–80 (D.C. Cir. 1984) (internal quotation marks and citations omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), in contrast, "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *see* Fed. R. Civ. P. 12(b)(6). In evaluating such a motion, the Court "must first 'tak[e] note of the elements a plaintiff must plead to state [the] claim' to relief, and then determine whether the plaintiff has pleaded those elements with adequate factual support to 'state a claim to relief that is plausible on its face.'" *Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015) (alterations in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 678 (2009)). The complaint need not include "detailed factual allegations," and a plaintiff may survive a Rule

12(b)(6) motion even if "recovery is very remote and unlikely," so long as the facts alleged in the complaint are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal quotation marks and citation omitted). The Court may consider only "the facts contained within the four corners of the complaint," *Nat'l Postal Pro. Nurses v. U.S. Postal Serv.*, 461 F. Supp. 2d 24, 28 (D.D.C. 2006), along with "any documents attached to or incorporated into the complaint, matters of which the court may take judicial notice, and matters of public record," *United States ex rel. Head v. Kane Co.*, 798 F. Supp. 2d 186, 193 (D.D.C. 2011).

## III. ANALYSIS

The Court begins, as it must, with Defendant's motion to dismiss for lack of jurisdiction. *See Conejo v. Am. Fed'n of Gov't Emps., AFL-CIO*, 377 F. Supp. 3d 16, 24 (D.D.C. 2019). Plaintiff brings suit under the FTCA, which waives sovereign immunity and affords the Court jurisdiction over suits concerning "the negligent or wrongful act or omission of any employee of the [federal] Government." 28 U.S.C. § 1346(b)(1); *see* 28 U.S.C. § 2671. Defendant moves to dismiss pursuant to Rule 12(b)(1) on the ground that the District of Columbia, not the federal government, bears responsibility for maintaining lamppost No. 21438. Dkt. 8 at 4

As Defendant notes, *id.*, the FTCA does not "render the United States liable for the torts of employees or agencies of the District of Columbia because the District of Columbia is an independent political entity." *Cannon v. United States*, 645 F.2d 1128, 1137 n.35 (D.C. Cir. 1981). Nevertheless, the Court concludes that it has jurisdiction over Plaintiff's suit. Plaintiff alleges that employees of the Service, a federal agency, failed to "inspect, maintain, and secure" the "deteriorat[ing]" lamppost. Dkt. 1 at 3 (Compl. ¶¶ IV.7, V.2). Under the FTCA, this Court has jurisdiction to adjudicate Plaintiff's claim that employees of the Service acted negligently

with respect to the lamppost. *Cf. Moorman v. United States*, 829 F. Supp. 2d 1, 2–3 (D.D.C. 2011) (dismissing FTCA claim for lack of jurisdiction where plaintiff "failed to allege any act or omission by a federal employee" and acknowledged that "the District of Columbia had responsibility for maintaining and repairing the steps" where she fell). Defendant's factual arguments concerning the ownership of the lamppost, Dkt. 8-1 (Mooza Decl.), bear on the *merits* of whether Defendant, in fact, breached any duty to Plaintiff. But Defendant fails to identify any factual or legal reason to question this Court's *jurisdiction* under the FTCA.

Defendant's motion to dismiss for failure to state a claim fares no better. Taking the allegations of the complaint as true and applying the liberal construction rule afforded to *pro se* plaintiffs, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court concludes that Plaintiff has stated a claim under the FTCA. "Tort liability under the FTCA is determined according to the law of the state where the alleged acts or omissions occurred." *Tarpeh-Doe v. United States*, 28 F.3d 120, 123 (D.C. Cir. 1994); *see* 28 U.S.C. § 1346(b)(1). To establish negligence under District of Columbia law, "a plaintiff must prove a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach." *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 907 (D.C. Cir. 2006) (quoting *District of Columbia v. Beretta, U.S.A., Corp.*, 847 A.2d 1127, 1135 n. 2 (D.C. 2004)). A property owner in the District has "a duty to exercise reasonable care to cure a dangerous condition if (1) he has actual or constructive notice of the condition and (2) he has the right to exercise control over the condition." *Campbell v. Noble*, 962 A.2d 264, 266 (D.C. 2008).

Defendant asserts that Plaintiff has failed to plead the elements of a negligence claim with sufficient specificity. Dkt. 8 at 5. The Court disagrees. Plaintiff alleges that the lamppost collapsed on a "heavily trafficked" pedestrian walkway in front of the Air and Space Museum

and that it "showed signs of deterioration" prior to the collapse. Dkt. 1 at 2–3 (Compl. ¶¶ IV.1, 7). Plaintiff also alleges that the District of Columbia "does not manage" the relevant lamppost, *id.* at 2 (Compl. ¶ III.2), and attaches a letter from ORM representing that ORM's "investigation indicates that the section of roadway involved is under the jurisdiction of the National Park Service," Dkt. 1-1 at 19. Finally, Plaintiff details the damage that the lamppost caused to Plaintiff's parked vehicle. Dkt. 1 at 3 (Compl. ¶¶ V.3–4). These allegations, taken together, plausibly establish that Defendant owed Plaintiff a duty to address or to mitigate the dangerous condition posed by the lamppost; that Defendant failed to satisfy such duty; and that Plaintiff suffered injury as a result.

Finally, the Court notes that Defendant has proffered evidence that the District of Columbia, and not the Service, is responsible for maintaining the lamppost. *See generally* Dkt. 8-1. The Court will not resolve Defendant's factual contentions on a motion to dismiss. But after Plaintiff has a reasonable opportunity to obtain discovery regarding the relevant ownership and maintenance obligations and agreements, Defendant may move for summary judgment on the ground that the Service does not own or manage the lamppost or the area where it is located.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the complaint, Dkt. 8, is hereby **DENIED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: October 22, 2026